# CURRENT COURT OF APPEAL CASES--Continued

## No. 578
### ALLEN v. ISLAND CREEK COAL CO.
Ohio Appeals, First District, Hamilton County
No. 2173. Decided June 25, 1923

This opinion has not b een published exc pt in Abstract.

PRACTICE—(1) Verdict not manifestly against the weight of evidence under the facts and circumstances of the case.

BUCHWALTER, J.

Epitomized Opinion

This was an action for rent. In 1915 the defendant's assignor entered into a lease with plaintiff for the letting of certain lands located along the banks of the Ohio River. The land was to be used for the storage of coal and the loading and unloading of the same. In 1917 this lease was changed from a lease for years to a month to month tenancy, but all of the other provisions of said lease were to remain as in the original. In December of the same year the defendant took over the lease from the then lesse and continued in possession of said premises until Jan. 1, 1920. In December of 1919 the plaintiff notified the defendant that the rent would be raised to $100 a month and as the defendant did not wish to continue said lease, he attempted to move out by Jan. 1, 1920. The only question in the case was whether the defendant surrendered the property from the above date. Plaintiff claimed that the defendant allowed its barges to remain in front of her real estate, that it fastened the same to plaintiff's property, and closed an old roadway on defendant's property, over which plaintiff claimed easement. On the other hand, the defendant offered evidence that no boats had remained in front of plaintiff's property except in order to clear the drift or in making up a string of barges. The trial resulted in a judgment for the defendant whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. It cannot be said as a matter of law that the judgment was manifestly against the weight of evidence, as the facts did not warrant a finding that there was a holding over of the property after the expiration of the term.

Attorneys—C. A. J. Walker and Walter A. Todd, for Allen; Bettinger, Schmitt & Kreis, for Coal Company.

## No. 579
### IN RE ESTATE OF IRENE MILES
Ohio Appeals, Second District, Franklin County
Decided June 13, 1923

This opinion has not b en publis d exc nt in Abstract

GIFTS—Evidence of a consumated gift—Reversal of judgment refused.

Middleton, Mauck, Sayre, JJ., Sitting

PER CURIAM.

Epitomized Opinion

Exceptions were filed in the Probate Court to the inventory of the estate of defendant, Miles, whereby was raised the questions whether a certain note payable to the decedent had been given by her to the exeptor. The case was heard in the Franklin Common Pleas, on appeal, and the exceptions were there overruled. Error is prosecuted to the Court of Appeals and it is claimed that the undisputed evidence shows a consumated gift.

The controversy in the Common Pleas hinged upon the evidential weight of the evidence. The intent to give out some time 'is undisputably shown, whether the gift was completed by delivery, depends upon the significance attaching to the note being left in decedent's deposit box, to which both parties had access, and to the other fact that the maker of the note paid interest to the decedent at a date long after the time when decedent is said to have declared that she had given the note to the plaintiff in error. This court is confronted only with the question of the weight of evidence and to reverse the judgment of the Common Pleas on this ground, this court was required to unanimously find the court below was clearly erroneous and this it cannot do. The judgment of the Common Pleas is therefore affirmed.

Attorneys—Wilson & Rector, for plaintiff in error; E. N. Huggins, for defendant in error.

## No. 580
### BOARD OF EDUCATION v. STATE
Ohio Appeals, Second District, Darke County
No. 176. July 5, 1923

This opinion has not been published exc pt in Abstract.

MANDAMUS—Court will allow mandatory writ under a statute only when there is an express mandatory duty contained in the statute.

BY THE COURT.

Epitomized Opinion

Action for writ of mandamus to compel Board of Education of Allen township to transport pupils to a high school outside said township or to pay their board, lodging and tuition in such high school. 7764-1 GC. is in substance:

Boards of Education shall provide work in high school branches at some school within four miles of the residence of each child who has completed the grade school curriculum except those who live within four miles of a high school, and those for whom transportation to a high school has been provided.

The Common Pleas allowed a peremptory writ of mandamus. Error was prosecuted to this court. Held:

There is no mandatory duty prescribed in the statute requiring Boards of Education to furnish transportation to a high school outside the township or school district. The duty is to furnish high school work. It is only where the statute expressly or clearly provides a mandatory duty that the court will interfere. Judgment reversed and petition dismissed.

Attorneys—Martin B. Trainer, for Board; L. E. Kerlin, for State.

## No. 581
### S. A. HUNT v. MARY J WARNER and MARY A. WITT
Ohio Appeals, Second District, Franklin County

This opinion has not been published except in Abstract

REHEARING—Point decided raised on original hearing—Decision Adhered to.

PER CURIAM.

Epitomized Opinion

This case is presented upon an application for rehearing. While it is true that the point upon which the case was decided was not raised by counsel on the original hearing, yet this court presented this case to counsel and asked for brief. Briefs were presented, which fully covered the question.

The Court of Appeals considered these briefs and also employed an original investigation of its own and decided that the case was fairly presented and fully considered in the original decision and that it should be adhered to.

Attorneys—Morris V Ressler, for Warner & Witt; F. M. Mecartney, for Hunt.